**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

AUG 18 2023

FOR THE NINTH CIRCUIT

KYLE PETERSEN,

           Plaintiff-Appellant,

  v.

ANTHONY SIMS, Jr., HSI Agent;
NICHOLAS TORRES, HSI Agent,

           Defendants-Appellees.

No. 22-15362

D.C. No. 1:19-cv-00138-DAD-EPG

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted August 15, 2023**

Before:    TASHIMA, S.R. THOMAS, and FORREST, Circuit Judges.

    Kyle Petersen appeals pro se from the district court's order dismissing his 42

U.S.C. § 1983 action alleging that warrantless searches conducted after his parole

revocation of cell phones seized during earlier parole searches violated the Fourth

Amendment.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a

---

    \*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    \*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissal under Federal Rule of Civil Procedure 12(b)(6) on the basis of qualified immunity. *Benavidez v. County of San Diego*, 993 F.3d 1134, 1141 (9th Cir. 2021). We affirm.

The district court properly dismissed Petersen's action on the basis of qualified immunity because defendants' conduct did not violate clearly established constitutional rights. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (government officials are entitled to qualified immunity where there is no violation of plaintiff's constitutional right or the right at issue was not "clearly established" at the time of the alleged violation); *see also District of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018) (explaining that "clearly established" means that the constitutional question was "beyond debate," such that every reasonable official would understand that what he is doing is unlawful).

We do not consider arguments raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**